[No. 5494. Decided February 27, 1905.]

## R. J. MAHONEY, *Respondent,* v. C. E. CROCKETT, *Appellant.*[1]

CONTRACTS—EVIDENCE—PLEADING AND PROOF—CHATTEL MORTGAGES—FORECLOSURE—DEFENSES. In an action to foreclose a chattel mortgage, a contract tending to show that the plaintiff agreed to pay off the mortgage indebtedness upon the acceptance by him of the title to certain mining property, and other documents having no apparent bearing on the case, are not admissible under an answer alleging that the mortgage was executed to be held in trust by the plaintiff until he should satisfy himself as to the title and rights of a corporation in certain lands, and that the plaintiff had investigated said title and rights, and was satisfied with the same.

SAME. In such a case, it is not admissible to prove an agreement for an exchange of securities whereby the notes in suit were to be surrendered and the notes of the corporation to be substituted; since the answer wholly fails to show that the agreement to substitute the corporation notes had been carried out.

SAME—AMENDMENT OF ANSWER. In such a case it is proper to refuse to allow an amendment of the answer (except upon terms), to the effect that by the above specified agreements it was agreed that the notes in suit should be cancelled; since the proposed amendment and documents taken together constituted no defense to the action, in the absence of an allegation that plaintiff accepted the mining properties mentioned therein, or that the substitution of securities mentioned had been carried out.

[1]Reported in 79 Pac. 933.

Appeal from a judgment of the superior court for King county, Bell, J., entered May 28, 1904, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action to foreclose a chattel mortgage. Affirmed.

*John E. Humphries, E. P. Edsen* and *L. H. Wheeler,* for appellant.

*S. D. King,* for respondent.

RUDKIN, J.—This was an action to foreclose a chattel mortgage. The plaintiff had judgment below, and the defendant appeals. While numerous errors are assigned, all except two are without merit. These two are, (1) error in excluding certain documentary evidence, offered by the appellant in support of his affirmative defense; and (2) error in refusing to allow an amendment of the answer at the trial, except upon the terms imposed by the court. These two assignments depend upon the construction and effect to be given to the affirmative defense set up in the answer of the appellant. This can best be presented by setting forth the affirmative defense in full. It is as follows:

"That, on or about the date of said mortgage, the plaintiff and E. O. Sauter, H. R. Harriman and J. H. Miracle were associated together and jointly interested in certain business negotiations on one part, and this answering defendant on the other, and the said parties last named, in consideration thereof, entered into an agreement in writing, by the terms of which they were to purchase from this answering defendant and J. F. Bledsoe certain shares of stock in said corporation mentioned in the plaintiff's amended complaint, to wit: the U. S. B. C. Corporation; and the said notes and mortgage, mentioned in plaintiff's complaint, were executed to be held by plaintiff in trust for him and his said associates until plaintiff and his said associates would satisfy themselves as to the estate and right of said

corporation in certain lands; that thereafter the said plaintiff and his said associates investigated the said title and rights, and were satisfied with the same, and purchased from this answering defendant certain shares of stock in said U. S. B. C. Corporation, and certain other rights, and entered into certain agreements in respect thereto, and as part of the consideration for said agreement and the said shares, it was, after the said promissory notes and mortgage had been executed, agreed upon, in behalf of the plaintiff and his said associates on one part, and this answering defendant on the other part, that said promissory notes and the whole thereof were fully paid, and satisfied, and that the said mortgage and the rights existing thereunder were fully satisfied and settled, and the same then were fully paid, satisfied and discharged, and thereupon, in pursuance of said agreement, and in consideration therefor, the said promissory notes were by plaintiff and his said associates cancelled, and the said mortgage and all of the rights theretofore existing by virtue of the same were fully satisfied and settled; that thereupon, as a part of said agreement, the plaintiff agreed to deliver the said promissory notes and the whole thereof and the mortgage to this answering defendant, which said agreement the plaintiff and his said associates have wholly violated."

In support of this affirmative defense, the appellant offered in evidence the following documents:

(1)   A receipt from the U. S. B. C. Corporation to the respondent for the sum of $100, in part payment for certain mining stock.   This receipt has no bearing upon the case, except it might be inferred, from a document to be considered later on, that this sum of $100 is a part of the $700 secured by the mortgage in suit.   (2)   A written tender made by the respondent to the U. S. B. C. Corporation, J. F. Bledsoe, and the appellant, accompanied by a demand for certain shares of stock and abstract of title to certain mining properties.   (3)   A written agreement between the U. S. B. C. Corporation and the respondent in relation to certain mining properties.   The relevancy or materiality

of these two latter agreements is not apparent.    (4)    A written agreement between one J. F. Bledsoe, the appellant, and the respondent. . The only part of this agreement pertinent to the questions involved in this case is the following:

"And the said party of the second part [the respondent] agrees to and with said parties, as and for an additional consideration, to secure for the said first parties a loan of six hundred dollars upon the furniture owned by C. E. Crockett [the appellant] as (per schedule) in the office now occupied by the U. S. B. C. Company, the said first parties to give as security therefor, a chattel mortgage upon said property to secure said sum of six hundred dollars, and the further sum of one hundred dollars heretofore paid by the said second party on the said option contract, said loan to be for a period of ninety days; provided, however, that if, upon examination of the titles by the second party, they are accepted and found correct and as represented by 'Exhibit A,' then and in that event the first payment of five hundred dollars made upon said option contract is to be paid upon the note executed for the payment by the said first parties for the loan hereinbefore referred to, and the balance due upon said note to be assumed and paid by second party and considered as part of the second payment."

(5)    A written agreement between one J. H. Miracle and the appellant, termed "confidential," relating to the management of the affairs of the U. S. B. C. Corporation. That part of the agreement pertinent to this case is the following:

"That the mortgage and notes given by the said C. E. Crockett [appellant] to R. J. Mahoney [respondent] on the furniture occupied and used by the U. S. B. C. Corporation, shall be cancelled and returned, and that the same shall be sold to the U. S. B. C. Corporation for the sum of one thousand ($1,000) dollars corporate notes taken therefor; one note to C. E. Crockett in the sum of four hundred ($400.00) dollars; and two notes to J. H. Miracle, one in the sum of two hundred ($200.00) dollars and one in the sum of four hundred ($400.00) dollars."

It is claimed that, in entering into this agreement, the said Miracle represented and acted for the respondent.

Under the terms of the agreement referred to in sub-division 4 of this opinion, it would become the duty of the respondent to pay these notes and mortgage himself, upon the acceptance of the title to certain mining properties therein referred to. Under 'the most liberal rules of con-struction, we cannot hold that the answer in question pleads this contract and the happening of the contingency upon which it became the duty of the appellant to pay the notes and mortgage in suit.

Conceding that Miracle represented the respondent in the execution of the agreement referred to in subdivision 5, *supra,* the agreement entered into was neither more nor less than an agreement to exchange securities, to surrender the notes and mortgage in suit, and take in lieu thereof the notes of the U. S. B. C. Corporation in the sum of $600. If Miracle represented the respondent, when he agreed to surrender the notes and mortgages in suit, he must also have represented him in the agreement to take the corpora-tion notes instead. The answer wholly fails to show that this latter agreement has ever been carried out, and with-out such allegation, the agreement itself constitutes no defense. The court committed no error, therefore, in sus-taining the objection to the introduction of the several documents above referred to.

After the court had sustained the objection, the appellant offered the following amendment:

"Mr. Wheeler: I will ask leave to amend the answer so as to show that, under a contract dated the 27th day of September, 1902, or a certain tender signed by R. J. Mahoney and witnessed by H. R. Harriman, and a certain contract dated the 4th day of October, 1902, signed by J. F. Bledsoe and the U. S. B. C. Corporation, witnessed by H. R. Harriman and J. H. Miracle and signed by R. J Mahoney, and a certain contract dated the 4th day of

October, 1902, between J F. Bledsoe and C. E. Crockett as the first parties, and R. J. Mahoney the second party, and signed by J. F. Bledsoe and C. E. Crockett and R. J. Mahoney and witnessed by H. R. Harriman, and a certain contract dated November 27th, 1902, between C. E. Crockett and J. H. Miracle, the said Miracle acting as trustee for R. J. Mahoney, and signed by C. E. Crockett and J. H. Miracle and witnessed by R. J. Harriman and William McLaughlin, that it was agreed that these notes be cancelled and delivered up to the defendant."

The court refused to allow this amendment, except upon terms. No error could be assigned if the court had denied the application to amend absolutely, as the proposed amendment and the documents, taken together, constitute no defense whatever to this action. If these contracts had been properly pleaded, and the answer further alleged that the respondent had accepted the title to the mining properties referred to therein, or had it appeared that the agreement to surrender the notes and mortgage and to take in lieu thereof the notes of the U. S. B. C. Corporation had been carried out, a sufficient defense would be stated; but this court is controlled by the record made in the court below.

As there is no error in that record, the judgment is affirmed.

MOUNT, C. J., FULLERTON, HADLEY, and DUNBAR, JJ., concur.

ROOT and CROW, JJ., took no part.